Burke, J. (dissenting).
The decision of the Workmen’s Compensation Board which found that the claimant sustained *671 an accident arising out of and in the course of employment should be reinstated. The finding by the board that the claimant’s taking of a shower, under the circumstances here, was related to his employment is fully supported by the evidence in the record.
The uncontradicted testimony in the record proves that the claimant was compelled to conduct a hearing in out-of-town office space supplied by the employer. The room was extremely hot and there were two unserviceable air conditioners which were useless. According to the testimony of the claimant and his fellow hearing officers, the heating equipment could not be controlled and all were perspiring freely because of the intemperate conditions. One of claimant’s fellow commissioners had to open his tie and take his jacket off. Naturally the claimant, as he said, “ felt clammy” after the hearings terminated. This uncomfortable physical state necessitated the taking of a shower in the afternoon. The proximate cause of the accident was a rubber mat which slipped under the claimant, causing him to fall out of the tub. Thus, there were two environmental factors which had a causal connection with and were responsible for the claimant’s accident. These were (I) the unusual climate and (II) the slippery mat in the bathtub. Consequently, the taking of the shower was work-connected, as the claimant had good reasons to remove the dried perspiration which was caused by the exposure to extraordinary heat in a room provided by his employer.
The simple issue is whether there is a question of fact involved and whether there is evidence which supports the board’s finding of fact. If there is, the Appellate Division is without power to reverse a board’s decision which is final as to all questions of fact. (Workmen’s Compensation Law, § 20; Matter of Elwood v. Herkimer Cent. School, 20 N Y 2d 869.)
What the court below did in this case was to substitute its own factual findings for those of the board. This is evident from its own citation of cases (Matter of Orpin v. Brother & Co. 15 A D 2d 282, affd. 12 N Y 2d 749; Matter of Covel v. New York State Ct. of Claims, 30 A D 2d 736; Matter of Friedwald v. New York State Ins. Dept., 17 A D 2d 670; Matter of Seaman v. Hewlett Fire Dept., 8 A D 2d 573). All of these cases involved accidental bathroom injuries, but in all of these cases “the board had decided that the employees’ accidental injuries had *672 not arisen out of and in the course of employment.” In each instance the Appellate Division accepted, as it must, the factual finding of the board.
This case, unlike the cases involving injuries to bathroom users where the board made negative determinations which had substantial support in the record, has strong support in the record for the affirmative determination made by the board which does not preclude the finding of an industrial accident as a matter of law. Here, as in Matter of Miller v. Bartlett Tree Expert Co. (3 A D 2d 777, affd. 3 N Y 2d 654) there were certain special circumstances justifying the finding that the claimant had sustained an industrial accident.
Where an employer sends an employee away from home, the test is whether the .specific activities could reasonably be deemed to be within the scope of employment. (Matter of Fleer v. Glens Falls Ins. Co., 16 A D 2d 186, mot. for lv. to app. den. 11 N Y 2d 646.) Such a determination by the board, if reasonable, is one of fact and the review in the Appellate Division and in this court is limited by section 23 of the Workmen’s Compensation Law. (See Matter of Matthews v. Marine Transp. Lines, 28 A D 2d 195, mot. for lv. to app. den. 21 N Y 2d 642.)
This case is distinguishable from Matter of Kaplan v. Zodiac Watch Co. (20 N Y 2d 537) where the claimant was performing a purely personal act unconnected with his employment, and the accident was not due to any environmental cause.
Accordingly the determination of the Workmen’s Compensation Board should be reinstated.
Order affirmed, etc.